Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Scott E. Shafer;<br><br>  Plaintiff,<br><br>v.<br><br>Cavalry SPV I, LLC; and Cavalry Portfolio Services, LLC;<br><br>  Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue

1  lies in the Phoenix Division of the District of Arizona as Plaintiff's
2  claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3.  Plaintiff Scott E. Shafer is a resident of Maricopa County, Arizona.
4.  Shafer is a natural person who was allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5.  Shafer is a "consumer" as that term is defined by FDCPA § 1692a(3).
6.  Defendant Cavalry SPV I, LLC ("SPV I") is a foreign limited liability company.
7.  SPV I collects or attempts to collect debts which it claims to have purchased or been assigned after default.
8.  SPV I is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9.  Defendant Cavalry Portfolio Services, LLC ("CPS") is a Delaware limited liability company registered to do business within the state of Arizona.
10. CPS is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905049.
11. CPS collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or been assigned after default.
12. CPS is a "debt collector" as that term is defined by FDCPA § 1692a(6).
13. At all times relevant herein, CPS was acting in concert with, on behalf of, and / or as agent for SPV I.

### IV.  FACTUAL ALLEGATIONS

14. In or about August 2008, Shafer entered into a consumer contract for a solar energy package to be installed on his family home.

15. The contractor ultimately breached the contract, and Shafer refused to continue to pay for the solar package.

16. Sometime during the process, the debt was assigned and / or sold to GE Capital Retail Bank.

17. Sometime later, GE Capital Retail Bank allegedly assigned and / or sold the debt to SPV I for collection purposes.

18. In its normal business operations, SPV I utilizes its sister company, CPS, to assist it in the collection of debts.

19. SPV I assigned the CPS to assist it in collection the alleged debt it claimed Shafer owed.

20. On March 23, 2013, SPV I filed a lawsuit against Shafer in an attempt to collect on the alleged debt.

21. Shafer hired counsel to defend the SPV I lawsuit which ultimately settled.

22. Shafer's settlement with SPV I was memorialized in a Settlement and Mutual Release Agreement dated September 16, 2013.

23. The Settlement Agreement provided that:

> Cavalry SPV I, LLC, irrevocably releases Scott Shafer and Ruthann Shafer from all claims or causes of action whatsoever in law or in equity which Plaintiff had, or now has to the date of this document, against Defendants involving or in any way related to the Lawsuit, it being understood that nothing either herein or filed in court releases any other cause, person or entity in any manner.

24. Subsequent to the parties signing of the Settlement Agreement, CPS

continued to report the alleged debt to Shafer's credit reports with a balance of $13,007 claimed to be owed.

25. CPS reported the SPV I debt to Shafer's credit reports as recently as May 2014.

26. As a result of Defendants' actions as outlined above, Shafer has suffered damages including, but not limited to, economic loss, loss of credit opportunities, embarrassment, humiliation, anxiety, invasion of privacy, and other extreme emotional distress.

27. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of Defendants' persistent and routine practice of debt collection.

28. In the alternative, Defendants' actions were negligent.

## V.  CAUSES OF ACTION

### a. Fair Debt Collection Practices Act

29. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

30. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692f(1).

31. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against

Defendants for:

    a)    Actual damages under the FDCPA;

    b)    Statutory damages under the FDCPA;

    c)    Costs and reasonable attorney's fees pursuant to the FDCPA; and

    d)    Such other relief as may be just and proper.

DATED  June 16, 2014 .

        s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff